**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SHELBY DAN TUSZYNSKI,** ) | **CASE NO.  4:04CV2048** |
| ) | |
| PETITIONER, ) | |
| ) | |
| v. ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **T. R. SNIEZER,** ) | |
| ) | |
| RESPONDENT. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |

      This matter is before the Court upon Petitioner's *pro se* Writ of Habeas Corpus Petition ("Petition"), filed on October 12, 2004, pursuant to 28 U.S.C. § 2241. (Dkt. #1). Also before the Court is the Respondent's Motion to Dismiss (Dkt. #9), and Petitioner's Briefs in Response (Dkt. #10-11).  For the reasons stated below, Respondent's Motion to Dismiss is **GRANTED**.

I.    FACTS AND ANALYSIS

      Petitioner Shelby Dan Tuszynski ("Petitioner) is a federal prisoner currently incarcerated at the Federal Correctional Institution in Elkton, Ohio.  Petitioner filed the instant habeas corpus petition after officials at FCI Elkton placed him in administrative detention for allegedly being in possession of narcotics on March 23, 2004.  This incident also resulted in Petitioner's visitation and other privileges being rescinded.  Moreover, the narcotics possession incident has been referred to federal prosecutors for possible

prosecution.

The crux of Petitioner's claim is that federal prosecutors have violated the Speedy Trial Act by delaying a decision on whether to prosecute Petitioner for the possession of narcotics. Petitioner asserts this his administrative detention and suspension of privileges constitutes the functional equivalent of an arrest, requiring federal prosecutors to indict him within 30 days. Because they did not, Petitioner asserts that the federal government should be barred from prosecuting him on for possession of narcotics.[1]

As a preliminary matter, this Court notes that Petitioner's cannot prevail on his claim because he failed to exhaust his administrative remedies. It is well-settled that "[t]he Prison Reform Litigation Act prohibits inmates from challenging prison conditions in federal courts until they have exhausted their adminstrative remedies." Thomas v. Woolum, 337 F.3d 720, 725-56 (6th Cir. 2003); 42 U.S.C. § 1997e(a). Petitioner admits that he did not exhaust his adminstrative remedies. (See Petitioner's Response, Dkt. #10, at 2). Accordingly, this Court lacks subject matter jurisdiction and cannot adjudicate his claims. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981); Woolum, 337 F.3d at 725-26.

Moreover, Petitioner's contention that federal prosecution concerning his narcotics possession should be barred because of an alleged violation of the Speedy Trial Act is without

---

[1] In his original habeas petition, Petitioner also requested this Court to order officials at FCI Elkton to hold an administrative hearing on the narcotics possession incident. However, prison officials held the requisite hearing shortly after this petition was filed and found Petitioner guilty of illegally possessing narcotics. This resulted in Petitioner's punishment and rescission of visitation privileges until February 1, 2010. (Motion to Dismiss, Ex. A, Horikawa Declaration, at ¶¶ 4-5).

merit. According to the statute:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever last occurs.

18 U.S.C. 3161(c)(i). The Speedy Trial Act is inapplicable here because Petitioner has not been arrested and charged in federal court for possessing narcotics. Rather, Petitioner received an administrative hearing for a violation of prison rules and received an appropriate punishment. This hearing, and the subsequent deprivation of liberty that resulted, do not constitute a federal arrest. See U.S. v. Copley, 774 F.2d 728 (6th Cir. 1985). Rather, "one [is] not arrested within the intendment of the Speedy Trial Act until he [is] taken into custody after a federal arrest for the purposes of responding to a federal charge." Id. at 730 (quoting United States v. Iaquinta, 674 F.2d 260 (4th Cir.1982)). Petitioner's was not placed in administrative detention to await the federal government's decision on whether to prosecute, but rather, was the result of his violation of prison rules. Therefore, the Speedy Trial Act is not invoked, and Petitioner's claim fails.

   II.   CONCLUSION

For the reasons discussed above, Respondent's Motion to Dismiss (Dkt. #9) is **GRANTED**. Accordingly, this case is **DISMISSED**. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

3

good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus - July 14, 2005**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**